IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARYBETH FARRELL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-285-KAJ |
| | : | |
| **ASTRAZENECA PHARMACEUTICALS, LP,** | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STRIKE DEFENDANT'S UNTIMELY OPENING BRIEF (D.I. 38) FOR FAILURE TO COMPLY WITH THE RULE 16 SCHEDULING ORDER**

1. Defense counsel has been a lawyer for nearly forty years. His inability to comply in a timely manner with basic rules and deadlines is simply no excuse for his tardy filing of court papers in direct contravention of Court orders.

2. In keeping with the typical defense tactic, defense counsel decided to file his motion as close to the filing deadline as possible.[1]

3. As his letter makes clear, this tactic obviously backfired and defense counsel must now suffer the consequences of his actions.

4. That discovery and filing deadlines are strictly adhered to in this District should not be a starting proposition. Indeed, in the last twelve months, in cases involving each of the defense counsel listed by name on defendant's opening brief, these same lawyers flip-flopped and instead argued that similar deadlines must be strictly adhered to and enforced. See Peace v. Shellhorn &

---

[1] The introduction of electronic filing in our District has changed the typical defense approach from a 4:29 p.m. filing in the Clerk's office to an 11:59 p.m. filing as defendant sought to do in this case.

Hill, Inc., C.A.No. 03-1007-GMS (D.Del.); Cuffee v. Dover Wipes Co., C.A.No. 03-276-SLR (D.Del.). In those cases, defense counsel and their partners took a decidedly different approach to this very issue and strictly refused to allow for or consent to the filing of inadvertently untimely papers. The Judges in those cases agreed that deadlines are meaningless unless they are enforced and so they must be strictly adhered to.

5. Defendant has clearly failed to make the appropriate showing necessary to overcome the grave prejudice articulated in plaintiff's Motion to Strike.

6. Defendant weakly offers an excuse that they were rushed due to factors beyond their control. But if defendant really was pressed for time, Mr. Sandler would have contacted plaintiff's counsel and requested the professional courtesy of an extension of time. Notably, that did not occur. Thus it is clear that his excuse is nothing more than a *post hoc* rationalization for negligent conduct.

7. Similarly, it is not plaintiff's burden to inquire into the reason for a late and untimely filing. Defendant attempts to shift this burden to coverup the fact that he did not seek an extension.

8. Counsel also tries to pass the buck and blame his paralegal for his errors. Simply put, as an officer of the Court, it is counsel's responsibility to timely file all briefs and other pleadings in accord with the Scheduling Order. Hiding behind one's paralegal is not acceptable justification for an attorney's untimely filing.

9. Lastly, during all but two months and one week of Mr. Sandler's forty year career, he and all lawyers were required to file all pleadings in federal court by the close of the business day (i.e. 4:30 p.m.). Despite the recent implementation of electronic filing through CM/ECF and its

implied extension of time by an additional 7.5 hours, with his 12:45 a.m. filing, experienced defense counsel still missed that time frame by more than 8 hours, a full business day.

10. For the aforementioned reasons, the untimely defense brief should be stricken from the docket and not considered by the Court.

11. Plaintiff waives a Reply Brief in support of this Motion.

    Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582

Dated: May 6, 2005    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on May 6, 2005, I electronically filed this Pleading with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Sheldon N. Sandler
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, DE 19801-0391
> ssandler@ycst.com

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

cc:    client
        John M. LaRosa, Esq.

Farrell / Pleadings / Reply in Support of Motion to Strike Defendants's SJOB.final