IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARYBETH FARRELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A. No. 04-285-KAJ |
| | : | |
| **ASTRAZENECA PHARMACEUTICALS, LP,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 6, 2005 ORDER (D.I. 43)**

1. On May 4, 2005, plaintiff Moved to strike defendant's untimely opening brief in support of its motion for summary judgment for failure to abide by the simple time deadlines set by the Court's Rule 16 Scheduling Order.  (D.I. 40).

2. On May 5, 2005, defendant filed their answer in opposition.  (D.I. 41).

3. On May 6, 2005, plaintiff filed her Reply in support of her original motion.  (D.I. 42). In that Reply, plaintiff explained why defendant had failed to meet its burden to excuse its untimely filing and how its proffered reason was simply a *post hoc* excuse for plainly negligent conduct.  Plaintiff also explained how defendant had failed to meet its burden to overcome the grave prejudice that plaintiff would suffer if defendant's untimely motion was not stricken from the record.

4. On May 6, 2005, the Court issued an Order, denying plaintiff's Motion.  (D.I. 43).

5. However in that Order, the Court explicitly stated that it had only considered plaintiff's motion and the defense answer.  It had <u>not</u> considered plaintiff's reply.

6. By not considering plaintiff's reply, "the court has patently misunderstood" plaintiff's position and made an error of "apprehension."  See <u>Karr v. Castle</u>, 768 F.Supp. 1087, 1090 (D.Del. 1991).

7. District of Delaware Local Rule 7.1.2(a) explicitly sets forth that a party filing a motion must be allowed a reply in support of its motion.  Implicitly, this is to enable a party to explain to the Court why the party opposing the Motion is in error.

8. However, the Court's May 6th Order unambiguously stated that it had not even considered plaintiff's Reply.  In so doing, the Court failed to follow the District's Local Rules and ultimately failed to understand plaintiff's position.

9. Furthermore, the Court failed to apply or even articulate the Third Circuit's standard for when a district court may ignore its own local rules.  See <u>U.S. v. Eleven Vehicles</u>, 200 F.3d 203, 215 (3d Cir. 2000). Plaintiff submits that the facts surrounding our present Motion fail to meet the Third Circuit's standard.

10. Plaintiff has been prejudiced by this failure to follow the Local Rules.  Plaintiff has been deprived of the opportunity to fully explain her position and the Court also has been deprived of the correct factual basis on which to base its decision.

11. Plaintiff's Fourteenth Amendment right to procedural due process also has been violated.  See e.g., <u>Lassiter v. Dept. of Social Serv.</u>, 452 U.S. 18, 24-25 (1981).

12. For the aforementioned reasons, plaintiff respectfully submits that her Motion for Reconsideration of the Court's May 6th Order be granted, and that defendant's opening brief in support of its motion for summary judgment be stricken from the record.

13. Plaintiff waives an Opening Brief in support of this Motion.

                                        Respectfully Submitted,

                                        **THE NEUBERGER FIRM, P.A.**

                                        /s/ Stephen J. Neuberger
                                        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                                        Two East Seventh Street, Suite 302
                                        Wilmington, Delaware 19801
                                        (302) 655-0582

Dated: May 9, 2005                      Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on May 9, 2005, I electronically filed this Pleading with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Sheldon N. Sandler
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, DE 19801-0391
> ssandler@ycst.com

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**

cc:   client
       John M. LaRosa, Esq.

Farrell / Pleadings / Motion for Reconsideration.final