# LAW OFFICE OF JOHN M. LaROSA
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
JLR@LaRosaLaw.com

**TELEPHONE: (302) 888-1290**  **FAX: (302) 655-9329**

July 21, 2005,

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
District of Delaware
Lock Box 10
844 King Street
U.S. Courthouse
Wilmington, DE 19801

RE:   Marybeth Farrell v. AstraZeneca Pharmaceuticals, LP
      Civil Action No. 04-285 KAJ
      **Plaintiff's Reply to Defendant's Post-Briefing Letter of July 13, 2005**

Dear Judge Jordan:

    The following is Plaintiff's Reply to Defendant's Post-Briefing Letter of July 13, 2005. In that letter, Defendant supplemented its May 24, 2005 Reply Brief by citing to a reduction in force case of age discrimination under the ADEA, Kautz v. Met-Pro Corp., No. 04-2400 (3d Cir. June 17, 2005).[1] Rather than set forth a new rule of law, Kautz cites the 1994 Third Circuit case, Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994), which was cited in Plaintiff's Answering Brief but was omitted from both Defendant's Opening and Reply Briefs.

    Specifically, Kautz reiterates Fuentes' general rule that "to avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the employment action." Kautz, slip op. at 6 (quoting Fuentes, 92 F.3d at 764). However, Defendant failed to mention that Kautz also states the exception to that rule which is more applicable to our case that "where

---

[1] As you know, ours is primarily a discharge case of retaliation under the FMLA. Plaintiff was not subject to a reduction in force or other layoff, and she alleges no ADEA claim.

The Honorable Kent A. Jordan
United States District Court
July 21, 2005,
Page 2

a 'defendant proffers a bagful of legitimate reasons,' casting substantial doubt on a fair number of them . . . may impede the employer's credibility seriously enough so that a factfinder may rationally disbelieve the remaining proffered reasons.'" <u>Kautz</u>, slip op. at 6 (quoting <u>Fuentes</u>, 92 F.3d at 764, n.7). In essence, a plaintiff can demonstrate that each of the employer's proffered nondiscriminatory reasons are pretextual "by showing that *some* of [its] proffered reasons are a pretext in such a way that the employer's credibility is seriously undermined, therefore throwing *all* the proffered reasons into doubt." <u>Kautz</u>, slip op. at 20 (quoting <u>Fuentes</u>, 92 F.3d at 764, n.7) (emphasis added).

Here, Defendant's bagful of 2003 performance deficiencies include blaming Plaintiff for 1) cancellation of the April 25-27th Cardiology Advisory Board and 2) delay in the Advisory Board time lines, 3) her allegedly weak strategic content leadership, 4) allegedly not managing internal processes and 5) not submitting data for budget reports, 6) alleged concerns about Plaintiff's focus and 7) communications, and 8) an alleged attitude problem. Under the exception, Plaintiff has cast substantial doubt on this fair number of reasons and thus impeded the employer's credibility seriously enough so that a factfinder may rationally disbelieve any remaining proffered reasons. <u>See</u> Pl. Ans. Brief, Statement of Facts, Parts VI.B.1.- 4, and VI.D.1.-3.

Moreover, even under the general rule, Plaintiff rebutted these proffered legitimate reasons with record evidence that allows a factfinder reasonably to infer that <u>each</u> of these reasons was either a <u>post hoc</u> fabrication or otherwise did not actually motivate the employment actions. <u>See id.</u> Specifically, because Plaintiff's 2002 Evaluation refutes the alleged poor performance deficiencies first raised with Plaintiff on April 28, 2003, the deficiencies are either a post-hoc fabrication or otherwise did not actually motivate the employer. <u>See id.</u> at Parts VI.B and III.B.1.

Defendant also argues "that except in some unusual situations not relevant to our case, a court 'will not second guess the method an employer uses to evaluate its employees.'" <u>Kautz</u>, slip op. at 7 (quoting <u>Simpson v. Kay Jewelers, Div. of Sterling, Inc.</u>, 142 F.3d 639, 647 (3d Cir. 1998)).[2] However, before reiterating that general rule, <u>Kautz</u> states that "[a]n employer may not use evaluating criteria which lacks any relationship at all to the performance of the employee being evaluated because to do so would be inconsistent with and contradictory to the employer's stated purpose." <u>Kautz</u>, slip op. at 7 (quoting <u>Fuentes</u>, 92 F.3d at 765). Here, Plaintiff's supervisor, Susan Broadway, placed Plaintiff on an Action Plan that treated her as a Band V rather than a Band IV employee. Thus, Defendant used evaluating criteria which lacked any relationship at all to the performance of the Band IV Plaintiff, being evaluated. This

---

[2]<u>Simpson</u>, like <u>Fuentes</u>, was not cited in Defendant's Opening or Reply Briefs.

The Honorable Kent A. Jordan
United States District Court
July 21, 2005,
Page 3


inconsistency with Plaintiff's actual job requirements contradicted Defendant's stated purpose of trying to improve alleged performance deficiencies in its Band IV employee.  <u>See</u> Pl. Ans. Brief, Statement of Facts, Part VI.C.1.

      For all of the foregoing reasons and for those stated in Plaintiff's Answering Brief, Plaintiff has met her burden to show pretext.  Therefore, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ John M. LaRosa
Del. Bar #4275

cc:    Clerk, U.S. District Court
        Sheldon N. Sandler, Esquire (via CM/ECF)
        Thomas S. Neuberger, Esquire (via hand delivery)
        Ms. Marybeth Farrell (via U.S. mail)

Attorney Files/John's Files/Client/Farrell/Correspondence/Judge Jordan 2 - Reply to Defendant's Post-Briefing Letter