# THE NEUBERGER FIRM
### ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE                    PHONE: (302) 655-0582
STEPHEN J. NEUBERGER, ESQUIRE                     FAX: (302) 655-9329

July 25, 2005                                                       **VIA CM/ECF**

The Honorable Kent A. Jordan
Lock Box 10
United State District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

**RE:** **Farrell v. Astrazeneca Pharmaceuticals, LP, C.A.No. 04-285-KAJ**

Dear Judge Jordan,

    I write to call to your attention to a recent significant case from the Third Circuit Court of Appeals that bears directly upon defendant's pending motion for summary judgment. The Third Circuit opinion was issued on June 9, 2005, after briefing on defendant's motion had closed.

    The case is Hill v. City of Scranton, 411 F.3d 118 (3d Cir. 2005), and it has direct bearing upon the standard of review to be applied to the defense motion.

    Hill holds that when an employer moves for summary judgment, even the uncontradicted testimony of interested witnesses supporting the employer, such as supervisors and other workers, should not be considered or otherwise weighed in the summary judgment balancing. "[W]hen evaluating a summary judgment motion a court should not consider even uncontradicted testimony of an interested witness where that testimony supports the movant." Hill v. City of Scranton, 411 F.3d 118, 131 n.22 (3d Cir. 2005) (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149-151 (2000)); see also Hill, 411 F.3d at 129 n.16.

    This new decision dictates that defendant's reliance on its own employee witnesses is misplaced due to their obvious bias and fear of losing their jobs. Thus, their testimony should be excluded from the Court's analysis of summary judgment issues.

    That being the case, defendant's motion should be denied as they cannot meet their evidentiary burden.

The Honorable Kent A. Jordan
July 25, 2005
Page 2


Respectfully Submitted,

/s/ Thomas S. Neuberger

cc:   Stephen J. Neuberger, Esq. (Via CM/ECF)
      John M. LaRosa, Esq. (Via CM/ECF)
      Sheldon Sandler, Esq. (Via CM/ECF)
      Ms. Marybeth Farrell (Via U.S. Mail)

Farrell / letters / Jordan.01