# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | |
|---|---|---|
| SHELDON N. SANDLER<br>DIRECT DIAL: (302) 571-6673<br>DIRECT FAX: (302) 576-3330<br>ssandler@ycst.com | THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br><br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391 | (302) 571-6600<br>(302) 571-1253 FAX<br>(800) 253-2234 (DE ONLY)<br>www.youngconaway.com |

July 27, 2005

**BY CM/ECF**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
Lock Box 10
844 King Street
U.S. Courthouse
Wilmington, DE 19801

    RE:    **Farrell v. AstraZeneca Pharmaceuticals, LP**
                **C.A. No. 04-285 KAJ**

Dear Judge Jordan:

        In response to Mr. Neuberger's letter of July 25, 2005 regarding <u>Hill v. City of Scranton</u>, 411 F.3d 118 (3d Cir. 2005),[1] the letter misstates the scope of the cited footnote. If Plaintiff is correct, no employer could ever obtain summary judgment. Plaintiff's speculative and uncorroborated claim that all of the witnesses supporting Defendant's motion for summary judgment are tainted by "obvious bias and fear of losing their jobs" could be asserted in every employment discrimination case. Other Circuits have rejected similar efforts, as discussed below.

        First, the individuals whose testimony was disregarded in the <u>Hill</u> case, a dispute about residency requirements for police officers, were the Mayor and City Controller of Scranton, Pennsylvania, two persons who were identified as playing an active role in enforcing the residency requirement and who had an obvious stake in the outcome. In the case of the Mayor, he was also an individual defendant in the case with personal financial exposure. In stark contrast to that case, here, there is absolutely no evidence of "interest;" if anything, the employees whose testimony Plaintiff would have the Court ignore were overly solicitous and patient with her.

        The record contains documented evidence of increasingly inadequate performance by Plaintiff over a period of two years.[2] The series of emails and other documents raising concerns about Plaintiff's performance preexisted Plaintiff's FMLA leave and were written by persons who played no role in the termination decision, as well as a few who did. In addition, evidence of Plaintiff's increasingly poor performance was presented by co-workers, human

---

[1] Although Local Rule 7.1.2(c) in its present form does not provide expressly for responses to post-briefing submissions, since Plaintiff's counsel responded to a submission made by Defendant recently, it is assumed this letter will also be acceptable.

[2] <u>See</u> Defendant's Opening Brief, pp. 4-12, 25-6; Reply Brief 2-4.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
July 27, 2005
Page 2

resource professionals, and vendors as well as her managers. If Plaintiff's assertion is credited, presumably the testimony of all of these people would have to be ignored, the employees merely because they are employees and the vendors because they might not be given another contract by Defendant. That contention distorts the Hill footnote beyond recognition.

In Almond v. ABB Ind. Systems, Inc., 56 Fed. Appx. 672, 675 (6th Cir. 2003), an age discrimination and ERISA case, as in this case the plaintiffs asserted that in considering a summary judgment motion "the court must entirely ignore all testimony by witnesses associated with the defendant." The court rejected that interpretation of the summary judgment standard, saying it "both over-reads Reeves and leads to absurd consequences. If plaintiffs were correct, there could be no summary judgment for the defendant after the plaintiff makes a prima facie case as the defendant's proffered non-discriminatory reason by necessity has to be provided by defendant's witnesses."

In Traylor v. Brown, 295 F.3d 783 (7th Cir. 2002), the Seventh Circuit made the same point in a race and sex discrimination case.

> We do not interpret the quoted language so broadly as to require a court to ignore the uncontroverted testimony of company employees or to conclude, where a proffered reason is established through such testimony, that it is necessarily pretextual. To so hold would essentially prevent any employer from prevailing at the summary judgment stage because an employer will almost always have to rely on the testimony of one of its agents to explain why the agent took the disputed action.

Accord, Roberson v. Alltel Info. Servs., 373 F.3d 647, 653 (5th Cir. 2004) (Human Resources manager was the "ultimate decisionmaker" in a reduction in force. Court rejected plaintiff's claim that her testimony should not have been credited; "[plaintiff] provides no valid reason why [the decisionmaker] was an interested witness except to suggest that all decisionmakers are, by definition, interested witnesses."); Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 898 (5th Cir. 2002) ("[plaintiff] contends that Reeves requires us to disregard as interested witness testimony all testimony by managers involved in the employment decision. We disagree …").

In sum, the witnesses on whom Defendant relies in the instant case are not "interested" witnesses at all. All Reeves required was that the persons offering evidence be "disinterested." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). That they are, in most instances, employees or vendors of Defendant does not automatically make them "interested." There is no evidence in the record that would support a claim of "interest," and the Plaintiff's letter provides none other than the mere fact of employment, and conjecture

## Young Conaway Stargatt & Taylor, LLP

The Honorable Kent A. Jordan
July 27, 2005
Page 3

based thereon.³  For example, none have a financial stake in the outcome of the case and most were not even involved in the decision to terminate, which was made many months after Plaintiff returned from FMLA leave.

Also undercutting Plaintiff's assertion in her letter is the existence of a series of documents calling her performance into question that were dated at times that preexisted the FMLA leave.  Plaintiff claims the documents were "fabricated," based solely on the fact that some of the authors of the documents talked to each other before preparing the documents.  See, Defendant's Reply Brief, pp 2-3.  If the Court rejects her claim that these documents were fabricated and accepts the obvious fact that they were created on the dates stated in each document, it will be apparent that they were all prepared before the employees became "interested" even under Plaintiff's strained theory.  The existence of these documents destroys Plaintiff's claim of retaliation, even in the absence of any additional evidence, and the motion for summary judgment should be granted.

                                                        Respectfully submitted,


                                                        /s/ Sheldon N. Sandler
                                                        Sheldon N. Sandler
                                                        Bar I.D. 245
                                                        ssandler@ycst.com

cc:   Clerk, District Court (by hand)
      Thomas S. Neuberger, Esquire (by CM/ECF)
      John M. LaRosa, Esquire (by CM/ECF)

---

³ A nonmoving party "is only entitled to the benefit of reasonable inferences" defined as "one 'which may be drawn from the evidence without resort to speculation.  When the record contains no proof beyond speculation to support the verdict, judgment as a matter of law is appropriate.'"  Kinserlow v. CMI Corporation, 217 F.3d 1021, 1026 (8th Cir. 2000), citing Fought v. Hayes Wheels Int'l, Inc., 101 F.3d 1275, 1277 (8th Cir. 1996).  Accord, Traylor, id., 791 (summary judgment can not be avoided by presenting nothing other than plaintiff's "conjecture.')