IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARYBETH FARRELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 04-285 KAJ |
| | : | |
| **ASTRAZENECA PHARMACEUTICALS LP,** | : | |
| a Delaware corporation, | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA
OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Plaintiff has just learned that long after the close of discovery, the records of her prior employer have been subpoenaed. No notice whatsoever was given to her or her counsel of this secret issuance of a subpoena.

Because it was served more than six months after the close of discovery; it has no bearing upon the issues in this case which will be tried on January 23, 2006; and it is designed to annoy, embarrass, and oppress, Plaintiff Moves to quash Defendant's subpoena issued to her former employer, GlaxoSmithKline, and/or for a Protective Order.

In support of this Motion, Plaintiff avers the following:

1.      This is an FMLA case in which Plaintiff contends she was discharged on January 24, 2004, in retaliation for exercising her rights under the FMLA.

2.      Subsequent to her employment with and discharge by Defendant, Plaintiff was employed by GlaxoSmithKline from June of 2004, to September of 2005.

3.      Discovery in this case ended on March 31, 2005, over six months ago.

4.      On October 4, 2005, Defendant served upon GlaxoSmithKline's Vice President of US Legal Operations, James Grasty, Esquire an untimely and extremely broad subpoena seeking "[a]ny and all records referring or relating to [Plaintiff], including but not limited to, correspondence, employment applications, resumes, employment records, personnel file, disability file, medical records file, benefits file, pension records, disciplinary warnings, termination records, termination agreements, severance pay records, payment and salary records, and tax records[,] includ[ing] all records maintained in Upper Providence PA Office, as well as any and all other GlaxoSmithKline offices."

5.      Defendant did not serve a copy of this secret and untimely subpoena upon Plaintiff or her attorneys. Counsel learned of this subpoena from their client who received a letter and a copy of the subpoena from a paralegal of GlaxoSmithKline.

6.      Defendant never made a similar discovery request of Plaintiff regarding GlaxoSmithKline or any subsequent employer during discovery before it ended pursuant to the Court's Scheduling Order on March 31, 2005, over six months ago.

7.      Previously, Defendant had no interest whatsoever in Plaintiff's job performance at this subsequent employer. Her performance at that job from June of 2004, to September of 2005, has no bearing on why Defendant fired her on January 24, 2004, from the job which is at issue in this case.

8.      But Defendant apparently now would like to contend that Plaintiff was discharged for reasons relating to her performance at this new employer, GlaxoSmithKline, where Plaintiff worked in mitigation of her damages. However, the subpoena is not even narrowly tailored to seek information relating to Plaintiff's performance. Rather, it seeks all

records relating to this subsequent employment, such as her "disability file, medical records file[,]" her "employment applications, resumes, employment records, personnel file", and any "disciplinary warnings, termination records, termination agreements, [etc.]"

9. This plainly is a fishing expedition seeking personal information irrelevant to this or any FMLA action where emotional distress and personal injuries are not recoverable.

10. Plaintiff earlier provided Defendant with all responsive documents in her possession, custody, or control relating to her earnings from her employment with GlaxoSmithKline, which was requested in discovery. So the amount of her earnings at this job also are not in dispute.

11. Thus, the material sought in Defendant's untimely subpoena is not relevant to any issue of liability or damages. F.R.E. 402.

12. The information sought is a fishing expedition designed to elicit personal confidential information. The subpoena is designed to harass, oppress, and embarrass Plaintiff and to cause unnecessary delay and needless increase in the cost of this litigation. Fed. R. Civ. P. 26(g)(2)(B).

13. A five day jury trial is scheduled for Monday, January 23, 2006.

14. The Pretrial Conference in this case is scheduled for Wednesday, November 30, 2005, fifty four (54) days before trial. So there is no need for haste in ruling on this matter.

15. Rather, in the interest of judicial economy, this issue can be resolved by the Court at the Pretrial Conference.

16. **WHEREFORE,** Plaintiff, for all of the foregoing reasons respectfully requests that her Motion to Quash and/or for a Protective Order be Granted.

| | |
|---|---|
| **THE NEUBERGER FIRM, P.A.**<br>**THOMAS S. NEUBERGER, ESQ. (# 243)**<br>Two East Seventh Street, Suite 302<br>Wilmington, Delaware 19801<br>(302) 655-0582<br>TSN@NeubergerLaw.com | **LAW OFFICE OF JOHN M. LaROSA**<br><br>/s/ John M. LaRosa<br>**JOHN M. LaROSA, ESQ. (# 4275)**<br>Two East 7th Street, Suite 302<br>Wilmington, Delaware 19801-3707<br>(302) 888-1290<br>JLR@LaRosaLaw.com |
| Dated: October 11, 2005 | Attorneys for Plaintiff Marybeth Farrell |

## Local Rule 7.1.1 Certification

I certify that counsel unsuccessfully tried to resolve this discovery dispute.  Counsel made a reasonable effort to reach agreement by electronic mail on October 10, 2005.

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQUIRE (#4275)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **MARYBETH FARRELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 04-285 KAJ |
| | : | |
| **ASTRAZENECA PHARMACEUTICALS, LP,** | : | |
| a Delaware corporation, | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Upon consideration of Plaintiff's Motion to Quash Defendant's Subpoena and/or for a Protective Order and any response filed thereto, it is this ____ day of _____, 2005, Ordered that the Motion is granted.

_____
**THE HONORABLE KENT A. JORDAN**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARYBETH FARRELL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 04-285 KAJ** |
| : | |
| **ASTRAZENECA PHARMACEUTICALS LP,** : | |
| a Delaware corporation, : | |
| : | |
| **Defendant.** : | |

**CERTIFICATE OF SERVICE**

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on October 11, 2005, I caused two (2) copies of **PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** to be sent via CM/ECF and first class mail, postage prepaid to the following:

> Sheldon N. Sandler, Esquire
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 576-3330 (fax)

> /s/ John M. LaRosa
> **JOHN M. LaROSA, ESQUIRE (#4275)**
> Two East 7th Street, Suite 302
> Wilmington, Delaware 19801-3707
> (302) 888-1290

cc:   Thomas S. Neuberger, Esquire
      Ms. Marybeth Farrell

Attorney Files/John/Client/JLR Clients/Farrell/Pleadings/Motions/Motion to Quash Subpoena