# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M STARGATT
BEN T CASTLE
SHELDON N SANDLER
RICHARD A. LEVINE
RICHARD A ZAPPA
FREDERICK W IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M NICHOLSON
CRAIG A KARSNITZ
BARRY M WILLOUGHBY
JOSY W INGERSOLL
ANTHONY G FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L PATTON, JR
ROBERT L. THOMAS
WILLIAM D JOHNSTON
TIMOTHY J SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F ROBERTS

RICHARD J A. POPPER
TERESA A CHEEK
NEILLI MULLEN WALSH
JANET Z CHARLTON
ROBERT S BRADY
JOEL A. WAITE
BRENT C SHAFFER
DANIEL P JOHNSON
CRAIG D GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W SHAW
JAMES P HUGHES, JR
EDWIN J HARRON
MICHAEL R. NESTOR
MAUREEN D LUKE
ROLIN P. BISSELL
SCOTT A HOLT
JOHN T DORSEY
M BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-6673
DIRECT FAX:  302-576-3330
SSANDLER@YCST.COM

ATHANASIOS E AGELAKOPOULOS
JOSEPH M BARRY
SEAN M BEACH
DONALD J. BOWMAN, JR
TIMOTHY P CAIRNS
KARA HAMMOND COYLE
CURTIS J CROWTHER
MARGARET M DiBIANCA
ERIN EDWARDS
KENNETH J ENOS
IAN S FREDERICKS
JAMES J GALLAGHER
DANIELLE GIBBS
SEAN T GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J KOSMOWSKI
JOHN C KUFFEL

TIMOTHY E LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A MALFITANO
ADRIA B. MARTINELLI
MICHAEL W MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J PASCHETTO
ADAM W POFF
SETH J REIDENBERG
FRANCIS J SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR
ELENA C NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

October 14, 2005

**BY CM/ECF**

The Honorable Kent A. Jordan
United States District Court
District of Delaware
Lock Box 10, 844 King Street
U.S. Courthouse
Wilmington, DE 19801

Re:  **Farrell v. AstraZeneca Pharmaceuticals, LP**
     **C.A. No. 04-285-KAJ**

Dear  Judge Jordan:

This is a response to Plaintiff's Motion to Quash or for a Protective Order, which was received on October 11, 2005.  I assume this issue falls within Your Honor's Scheduling Order, paragraph 3(e), Discovery Disputes, and I am submitting this letter as the Defendant's opposition to that Motion.  I have not received notice of a telephone conference, as set out in the Scheduling Order, but I trust this will be arranged shortly.

Some background facts are necessary to put this matter in context.  As Your Honor knows, the two remaining claims in the case are a statutory claim under the Family and Medical Leave Act and a common law claim under the implied covenant of good faith and fair dealing.  As paragraph 9 of the Motion acknowledges, emotional distress and personal injury damages are not recoverable under the FMLA, nor are they recoverable under the implied covenant.

The vast majority of Plaintiff's damages claim involves a supposed loss of pension monies.  Plaintiff has provided an expert report, a copy of which is attached, in which the expert determines the present value of the pension that Plaintiff would have received if she remained at AstraZeneca for the balance of her work life and subtracts that pension amount from

057159.1004

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
Page 2 of 3
October 14, 2005

what Plaintiff represents she was informed was the value of her pension at the time of her separation from AstraZeneca.  Notably, the expert does not subtract from the number he derives any of Plaintiff's subsequent earnings which, based upon her salary and pension in her subsequent jobs, would result in her having zero damages.  Blum v. Witco Chemical Corp., 829 F.2d 367, 373 (3d Cir. 1987) (holding that lost pension benefits are recoverable as front pay but cautioning that "such benefits may not be available where an award would make a plaintiff more than whole, such as where a plaintiff has found subsequent employment at a greatly increased salary that would offset any loss of pension benefits, or where defendant can prove that the new employer's pension plan would provide plaintiff with approximately the same benefit he lost due to the defendant's discriminatory firing.")

Thus, within a month after leaving AstraZeneca, Plaintiff obtained employment at a company in New York City, Burson-Marsteller, where she was earning $165,000, versus her salary of $94,000 at AstraZeneca, with equivalent pension benefits.  However, after three months, having worked from March through May 2004, Plaintiff resigned, supposedly because of the onerous commute.  She immediately began working at GlaxoSmithKline, earning $140,000 per year plus a pension and other benefits.

On September 16, 2005, long after the discovery cutoff, Plaintiff filed updated interrogatory answers notifying Defendant for the first time that she was no longer employed by GlaxoSmithKline ("GSK") as of September 2005.  On September 19, I received an email from Mr. LaRosa in response to my inquiry for more details about this change, notifying me that Plaintiff "resigned from GSK on September 12, 2005."  Subsequently, during a teleconference with Mr. Thomas Neuberger, I learned that Plaintiff has obtained other employment at an equivalent salary to what she was earning at GSK but with no pension benefits.  No further information about her new situation has been provided to date.  Shortly thereafter, on October 3, 2005, the instant request was made to Plaintiff's former employer, GSK, for Plaintiff's employment records.

In view of the above development, it is submitted that additional discovery is appropriate since these new facts have a bearing both on liability and, most significantly, on damages.  It would be relevant to the credibility of Plaintiff's liability claim if, for example, Plaintiff was fired for cause, such as, for example, misrepresenting her prior positions on her resume.  More significantly for present purposes, if Plaintiff voluntarily quit her job at GSK and thereby deprived herself of the opportunity to continue to earn not only a greater salary than she was making at AstraZeneca but also a pension, her damages claim would be cut off.  See Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1278-79 (4th Cir. 1985) (holding that where a plaintiff voluntarily removes herself from the job market, she has failed to mitigate her damages with reasonable diligence.)

Defendant's expert can demonstrate that if Plaintiff had remained at GSK, the combination of her increased salary and her pension entitlement would have far exceeded any claimed loss of pension such as her expert has presented.  Therefore, she would have no damages

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
Page 3 of 3
October 14, 2005

for that reason. However, if she voluntarily quit her job, this would provide a second reason why she is not entitled to any damages.

With respect to the supposed "secret" subpoena to GSK, the approach Defendant has taken is one that is followed regularly in this jurisdiction. The communication to GSK was designed to elicit information voluntarily. It is no different than if a letter were sent or an investigator were asked to contact the Company. If GSK had voluntarily supplied the requested information, there would have been no necessity for formal discovery at all.

However, since that appears not to be the case, and the Plaintiff has now moved to quash the subpoena or alternatively, for a protective order, Defendant, in response, requests that discovery be reopened on a limited basis in order to do two things, first, to take a 30(b)(6) deposition from a person at GSK and second, to redepose Plaintiff on her current employment situation. Obviously, this new information about Plaintiff's resignation could not have been known to Defendant, despite Defendant's diligence. Under FRCP 16(b), this is good cause for additional discovery. E.I. du Pont de Nemours & Co., v. Admiral Ins. Co., C.A. No. 89C-AU-99, 1995 Del. Super. LEXIS 304, (Del. Sup. July 11, 1995).

Finally, because the parties are in the process of preparing their pretrial documents, Defendant disagrees with Plaintiff that the matter can await resolution at the pretrial conference. In order to properly formulate the claims, it is necessary to determine now what the changed facts are. It makes no sense to prepare a pretrial order based on facts that have significantly changed. Therefore, it is respectfully requested that discovery be reopened immediately for the reasons discussed above.

Respectfully yours,

Sheldon N. Sandler
Bar I.D. 245

SNS:sde
Attachment
cc:     Clerk, District Court  (By Hand)
        John M. LaRosa, Esquire (By CM/ECF)
        Thomas S. Neuberger, Esquire (By CM/ECF)
        John Bogan, Esquire (By U.S. Mail)