IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARYBETH FARRELL, | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | :    CIVIL ACTION NO. 04-285 KAJ |
| | : |
| **ASTRAZENECA PHARMACEUTICALS LP,** | : |
| a Delaware corporation, | : |
| | : |
|     **Defendant.** | : |

**PLAINTIFF'S REPLY IN SUPPORT OF HER
MOTION TO QUASH DEFENDANT'S SUBPOENA
OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

In support of this Reply, Plaintiff avers the following:

1. Plaintiff has updated its discovery responses numerous times in this case. Previously, Plaintiff's counsel provided five supplemental responses to Defendant's First Request for Production of Documents on December 1, 2004; December 23, 2004; January 18, 2005; February 28, 2005; and March 8, 2005.

2. Defendant has never updated its discovery responses. After the trial date was postponed, defense counsel suggested that the parties exchange additional updated discovery responses on September 16, 2005. So on that date, Plaintiff's counsel provided a Supplemental Response to Defendant's First Set of Interrogatories and a Sixth Supplemental Response to its First Request for Production of Documents.

However, defense counsel had no intention of updating Defendant's discovery responses. Instead on September 16, 2005, he e-mailed Plaintiff's counsel, "I . . . do not have any updates at present. We may supplement the list of witnesses by adding someone from AstraZeneca's IT

department." However, Defendant never identified such an individual in its Rule 26 Disclosures To date, Defendant has not identified such a witness. Nevertheless, Plaintiff provided Defendant with her draft Pretrial Order. So there is no reason why Defendant cannot in turn provide its draft Pretrial Order to Plaintiff.

3.  Defendant's reliance on Blum v. Witco Chem. Corp., 829 F.2d 367 (3d Cir. 1987), is misplaced. In Blum, the Third Circuit held that "lost pension benefits . . . may not be available where an award would make a plaintiff more than whole, such as where a plaintiff has found subsequent employment at a greatly increased salary that would offset any loss of pension benefits, or where *defendant can prove* that the new employer's pension plan would provide plaintiff with approximately the same benefit he lost due to the defendant's discriminatory firing." Id. at 373 (emphasis added). Importantly, the Third Circuit reiterated that the "burden is on defendant on the issue of any set-offs to damages[.]" Id. (citing Rodriguez v. Taylor, 569 F.2d 1231, 1243 (3d Cir. 1977), cert. denied, 436 U.S. 913 (1978)).

Here, Plaintiff's current employer has no pension plan. Furthermore, Defendant never submitted even an initial expert report regarding damages in the time frame established by the Court's Scheduling Order. Therefore, Defendant cannot meet its burden of proof on mitigation.

4.  In Blum, "plaintiffs proved a net future loss, despite [plaintiffs'] mitigation efforts, that would not have occurred but for [the employer]'s unlawful conduct. Specifically, the court found "sufficient evidence in the record from which the jury could conclude that plaintiffs suffered lost pension benefits in the amounts testified to by [plaintiffs' expert.]" Id. at 375. Furthermore, the employer there "failed to carry its burden of proving a set-off." Id. Here too, Plaintiff will be able to provide a net future loss that would not have occurred but for

Defendant's unlawful conduct.  Specifically, Plaintiff maintains that her current position's salary does not offset her future lost salary and pension that she would have earned from Defendant but for its retaliatory discharge of her.

5. Also in <u>Blum</u>, the plaintiffs were not entitled to an award of backpay where they "had secured jobs with slightly higher salaries by the time of trial, *and* severance pay compensated them for the unemployed period." <u>Id.</u> at 374.  In contrast, Defendant here gave Plaintiff no severance pay to compensate her for the unemployed period.  Therefore at trial, she can prove backpay damages.

6. Plaintiff opposes additional discovery being taken now more than six months after the March 31st discovery cutoff set by the Court's Scheduling Order.

7. Plaintiff already was deposed for two days in this case.

8. The facts have not significantly changed.  Any change can be addressed by further supplemental response to Defendant's standard discovery requests.

9. There is no good cause for additional discovery in this case.

**WHEREFORE,** Plaintiff respectfully requests the following:

a. That her Motion to Quash and/or for a Protective Order be Granted; and

b. That Defendant's request to reopen discovery be Denied.

| | |
|---|---|
| **THE NEUBERGER FIRM, P.A.**<br>**THOMAS S. NEUBERGER, ESQ. (# 243)**<br>Two East Seventh Street, Suite 302<br>Wilmington, Delaware 19801<br>(302) 655-0582<br>TSN@NeubergerLaw.com | **LAW OFFICE OF JOHN M. LaROSA**<br>/s/ John M. LaRosa<br>**JOHN M. LaROSA, ESQ. (# 4275)**<br>Two East 7th Street, Suite 302<br>Wilmington, Delaware 19801-3707<br>(302) 888-1290<br>JLR@LaRosaLaw.com |
| Dated: October 19, 2005 | Attorneys for Plaintiff Marybeth Farrell |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARYBETH FARRELL,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 04-285 KAJ** |
| : | |
| **ASTRAZENECA PHARMACEUTICALS LP,** : | |
| a Delaware corporation, : | |
| : | |
| **Defendant.** : | |

### CERTIFICATE OF SERVICE

I, John M. LaRosa, being a member of the Bar of this Court, do hereby certify that on October 19, 2005, I caused two (2) copies of **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO QUASH DEFENDANT'S SUBPOENA OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** to be sent via CM/ECF and fax to the following:

> Sheldon N. Sandler, Esquire
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 576-3330 (fax)

> /s/ John M. LaRosa
> **JOHN M. LaROSA, ESQUIRE (#4275)**
> Two East 7th Street, Suite 302
> Wilmington, Delaware 19801-3707
> (302) 888-1290

cc:  Thomas S. Neuberger, Esquire
     Ms. Marybeth Farrell

Attorney Files/John/Client/JLR Clients/Farrell/Pleadings/Motions/Reply to Motion to Quash Subpoena