
# Issued by the
## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYBETH FARRELL,<br><br>V.<br><br>ASTRAZENECA PHARMACEUTICALS, LP | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: 04-cv-285-KAJ<br>District of Delaware |

TO: GlaxoSmithKline
One Franklin Plaza
Philadelphia, PA 19101

Attention: James Grasty, Esquire

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 (See Schedule A attached hereto) | October 28, 2005 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **(See Schedule B attached hereto)**

| PLACE | DATE AND TIME |
|---|---|
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 | October 28, 2005 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | October 20, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sheldon N. Sandler, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031, (302) 571-6673

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                                                SIGNATURE OF SERVER
ATE

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## 30(b)(6) TOPICS

1. The termination of MaryBeth Farrell's employment with GlaxoSmithKline.

2. The nature of MaryBeth Farrell's employment at GlaxoSmithKline and her performance during her employment.

3. MaryBeth Farrell's salary and benefits history during her employment at GlaxoSmithKline.

## SCHEDULE B

## DEFINITIONS

1.  "Document" and "documents" are used in the broadest sense permitted by the Federal Rules of Civil Procedure and the local rules, and include, without limitation, all writing of every kind including, without limitation, letters, memoranda, reports, studies, notes, speeches, press releases, agenda, minutes, transcripts, summaries, self-sticking removable notes, telegrams, teletypes, telefax, e-mails, cancelled checks, check stubs, invoices, receipts, ticket stubs, maps, pamphlets, notes, charts, tabulations, analyses, statistical or information accumulation, audits, and associated workpapers, any kinds of records, film impressions, magnetic tape, tape records, sound or mechanical reproductions, all stored compilations of information of any kind which may be retrievable (such as, but without limitation, the content of computer memory or information storage facilities, and computer programs, and any instructions or interpretive materials associated with them) and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or attached thereto), including prior drafts, whether or not the originals are in your possession, custody or control.

2.  "Relating to" or "related to" means concerning, pertaining to, involving, reflecting, defining, identifying, stating, referring to, constituting, consisting of, evidencing, concerning, being legally, logically or factually relevant to a given subject, or in any way connected with the named subject matter directly or indirectly.

## DOCUMENTS REQUESTED

1.  Any and all documents referring or relating to Marybeth Farrell (DOB: 6/4/59; SSN 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), including but not limited to, correspondence, employment applications, resumes, employment records, personnel file, disability file, medical records file, benefits file, summary plan descriptions relating to her pension and other benefits, pension records, disciplinary warnings, termination records, termination agreements, severance pay records, payment and salary records, and tax records. This includes all records maintained in the Upper Providence, PA Office, as well as any and all other GlaxoSmithKline offices.