LAW OFFICE
OF

JOHN M. LaRosa
TWO EAST 7TH STREET, SUITE 302
WILMINGTON, DELAWARE 19801-3707

PHONE: (302) 888-1290
FAX:    (302) 655-9329

LICENSED IN DE, PA, AND NJ
INTERNET: WWW.LaRosaLaw.com

November 2, 2005,

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Kent A. Jordan
Lock Box 10
United States District Court
District of Delaware
Wilmington, DE 19801

RE:    **Marybeth Farrell v. AstraZeneca Pharmaceuticals, LP**
       **Civil Action No. 04-285 KAJ**
       **Request to Vacate Depositions**

Dear Judge Jordan:

Due to changed circumstances, I request that the court revisit this recent teleconference and that there be a second teleconference because Plaintiff has abandoned her earlier theory.

Defendant requested additional discovery to learn why Plaintiff left GSK and what pension she is making now with her current employer. Reasoning that Defendant has the burden of proof on mitigation, the Court held that such evidence was material and relevant to the issue of mitigation. Farrell v. AstraZeneca Pharmaceuticals, LP, No. 04-285 (KAJ), Telephone Conference Transcript at 8, ll. 5-9 (D.Del. Oct. 19, 2005). Thus, the Court granted Defendant three weeks to take a 30(b)(6) deposition of GSK and to re-depose Plaintiff on the issue of mitigation.

Afterwards, Plaintiff agreed that because she voluntarily left GSK and obtained subsequent employment from an employer without a pension, she is not entitled to seek future pension losses based on her current position which does not have a pension. Rather, because she left GSK for personal reasons, any subsequent lost wages and benefits are attributable to her, and she bears the brunt of that loss.

The Honorable Kent A. Jordan
November 2, 2005,
Page 2


Indeed, "[Pension] benefits may not be available where . . . defendant can prove that the new employer's pension plan would provide plaintiff with approximately the same benefit [s]he lost due to the defendant's discriminatory firing." Blum v. Witco Chemical Corp., 829 F.2d 367, 373 (3d Cir. 1987).

Here during the initial discovery period, Defendant learned that Plaintiff obtained an "equivalent pension" at GSK. Farrell v. AstraZeneca Pharmaceuticals, LP, No. 04-285 (KAJ), Telephone Conference Transcript at 6, l. 2 (D.Del. Oct. 19, 2005). Therefore, Defendant already has the information it needs to prove any offset of future losses.

So at the recent teleconference, defense counsel admitted it was "perfectly content with the situation [prior to Plaintiff's leaving GSK]" because it contends Plaintiff is "way ahead of the game[]" based on the pension she acquired at GSK. Id. at 5, l. 24 to 6, l. 5.

So, in an effort to narrow the issues, Plaintiff offered to stipulate that the mitigation of damages issue would only be based on her wage and pension earnings at GSK and not on her earnings at her current position which does not include a pension, if Defendant would vacate the depositions of GSK and Plaintiff.

In this way, Plaintiff seeks to simplify her case by narrowing the damages and mitigation issues. Thus, the facts that Plaintiff voluntarily left GSK and has a current job that has no pension are no longer relevant and would be taken out of the case.

But defense counsel has refused to agree to these terms and insists on pursuing the depositions which currently are scheduled for Monday, November 7th and Thursday, November 11th.

Accordingly, Plaintiff now requests that the mitigation issue be properly narrowed to exclude evidence of why Plaintiff left GSK and other information from Plaintiff's employment at GSK unrelated to her earnings, and that the depositions be vacated.

The Honorable Kent A. Jordan
November 2, 2005,
Page 3


Very truly yours,

John M. LaRosa

cc:    Clerk, U.S. District Court (via hand delivery)
       Sheldon N. Sandler, Esquire (via fax and U.S. mail)
       Thomas S. Neuberger, Esquire (via hand delivery)
       Ms. Marybeth Farrell (via U.S. mail)

Attorney Files/John's Files/Client/Farrell/Correspondence/Judge Jordan 2