**Sandler, Sheldon N.**

| | |
|---|---|
| **From:** | John M. LaRosa, Esquire [JLR@LaRosaLaw.com] |
| **Sent:** | Tuesday, November 01, 2005 10:03 AM |
| **To:** | Sandler, Sheldon N. |
| **Subject:** | Re: Farrell v. AstraZeneca Pharmaceuticals, LP: Mitigation Issue |

Dear Sheldon:

Not exactly.

We are willing to stipulate that any pensions losses are based on the difference between the pension Plaintiff would have earned had she stayed at GSK and the small vested pension she will receive from AZ such that at trial, we can come forward with our pension loss numbers, but Defendant still would have the burden of proving she attained a better salary and pension at GSK that eventually would have offset her future lost salary and benefits at AZ.

Thus, the facts that Plaintiff voluntarily left GSK and has a current job that has no pension are irrelevant and would be taken out of the case.

Very truly yours,

John M. LaRosa

*******************************************

Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

> ----- Original Message -----
> **From:** Sandler, Sheldon N.
> **To:** John M. LaRosa, Esquire
> **Cc:** Neuberger, Esq. Thomas S. ; Bogan, John J
> **Sent:** Tuesday, November 01, 2005 9:04 AM
> **Subject:** RE: Farrell v. AstraZeneca Pharmaceuticals, LP: Mitigation Issue
>
> John - I am not sure I follow you. Are you saying that you are willing to stipulate that Ms. Farrell's entitlement to future damages, including salary and pension, ended when she left GSK, so that her damages were $9,214.70 in lost salary and $3,000 in medical expenses, the amounts you have listed in your part of the pretrial order?
>
> Sheldon

11/2/2005

Sheldon N. Sandler
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-6673
Facsimile: 302-576-3330
ssandler@ycst.com

---

**From:** John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
**Sent:** Monday, October 31, 2005 3:31 PM
**To:** Sandler, Sheldon N.
**Cc:** Neuberger, Esq. Thomas S.
**Subject:** Fw: Farrell v. AstraZeneca Pharmaceuticals, LP: Mitigation Issue

Dear Sheldon:

Tom and I have had a chance to review the Blum v. Witco Chemical Corporation case which you brought to our attention and additional case law on mitigation of damages as it relates to our client's future pension loss in this case. We agree that because our client voluntarily left GSK and obtained subsequent employment from an employer without a pension, she is not entitled to seek future pension losses based on her current position which does not have a pension. Rather, because she left GSK for personal reasons, any subsequent lost wages and benefits is attributable to her, and she bears the brunt of that loss. Thus, Ms. Farrell's leaving GSK is no longer relevant, and additional discovery on her voluntarily leaving GSK is unnecessary.

Therefore, we are willing to stipulate that the mitigation of damages issue is based on her wage and pension earnings at GSK and not on her earnings at her current position which does not include a pension if you will stipulate to vacating the depositions of GSK and our client. In this way, we are simplifying the case and narrowing the damages and mitigation issues for the jury. This also will allow our client not to endure another day of deposition.

Please let me know if you are willing to stipulate to this by the close of business on Tuesday, November 1, 2005. Otherwise, we will contact the Court and bring this narrowing of the issues to its attention on Wednesday morning, November 3, 2005.

Very truly yours,

John M. LaRosa

*******************************************
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the Law Office of John M. LaRosa which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from

Page 3 of 3

your system immediately.  Thank you.